# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE: ASBESTOS LITIGATION )
)
ELIZABETH RAMSEY, )
Administrator of the Estate of )
DOROTHY RAMSEY, deceased, )
)
Plaintiff, )
)
v. ) C.A. No. N14C-01-287 ASB
)
ATLAS TURNER LTD., *et al.,* )
)
Defendants. )

Submitted: May 8, 2017
Decided: May 11, 2017

## ORDER

*Upon Plaintiff's Rule 59(e) Motion for Reargument and/or Reconsideration of
February 2, 2017 Order Granting Defendant Herty's
Motion for Summary Judgment.* **DENIED.**

**AND NOW TO WIT**, this 11ᵗʰ day of May, 2017, upon consideration of
Plaintiff's Motion for Reargument and/or Reconsideration of this Court's
February 2, 2017 Order granting Defendant Georgia Southern University
Advanced Development Center ("Herty")'s Motion for Summary Judgment, the
response thereto, and the parties' positions at oral argument, **IT IS HEREBY
ORDERED** that the Motion for Reargument and/or Reconsideration is **DENIED**
for the following reasons:

1.     Dorothy Ramsey ("Plaintiff"), through her estate, alleges that Defendant Herty, a manufacturer of asbestos paper product, negligently failed to warn her of the risks of take-home asbestos exposure due to the use of Herty's product at her husband's workplace from 1976-1980. Specifically, she claims Herty owed her a duty of care because she was a "foreseeable plaintiff" who would be exposed to Herty's asbestos product when her husband transported the asbestos debris home on his work uniform. She argues that Herty's alleged failure to warn her of this danger was a proximate cause of her lung cancer.

2.     On February 2, 2017, this Court granted Herty's Motion for Summary Judgment.[1] The Court found that Plaintiff alleged claims of nonfeasance consistent with the allegations in *Price v. E.I. DuPont de Nemours & Co.*[2] and *Riedel v. ICI Americas Inc.*[3] Further, Plaintiff conceded that no legally-significant "special relationship" existed between the parties. Without a special relationship, therefore, the Court held that Herty did not owe a duty of care to Plaintiff as a matter of law. This Rule 59(e) motion followed the grant of summary judgment to Herty.

3.     A motion for reargument under Delaware Superior Court Civil Rule 59(e) permits the Court to reconsider "its findings of fact, conclusions of law, or

---

[1] *See In re Asbestos Litig.*, 2017 WL 465301 (Del. Super. Feb. 2, 2017) [hereinafter *Ramsey*].

[2] 26 A.3d 162 (Del. 2011).

[3] 968 A.2d 17 (Del. 2009).

2

judgment. . . ."[4] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[5] To prevail on a motion for reargument, the movant must demonstrate that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[6] Further, "[a] motion for reargument is not a device for raising new arguments,"[7] nor is it "intended to rehash the arguments already decided by the court."[8] Such tactics frustrate the interests of judicial efficiency and the orderly process of reaching finality on the issues.[9] The moving party has the burden of demonstrating "newly discovered evidence, a change of law, or manifest injustice."[10]

4. Plaintiff does not argue "newly discovered evidence" or a "change of law." Instead, she contends that this Court misapprehended the law and facts relevant to Herty's summary judgment motion. Plaintiff admits that there is no new or supplemental authority that was not already considered in the Court's prior

---

[4] *Hessler, Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969). *See* DEL. SUPER. CT. CIV. R. 59(e).

[5] *Kostyshyn v. Comm'rs of Bellefonte,* 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007).

[6] *Bd. of Managers of Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003).

[7] *Id.*

[8] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

[9] *See Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004).

[10] *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995).

ruling. Rather, she reasserts that this Court should have found that Herty owed a duty of care to her as a foreseeable plaintiff of its alleged negligence. Plaintiff points to the Restatement (Second) of Torts §§ 388 and 395 in her Motion and argues that this Court should have followed the general duty of care for manufacturers as recognized in cases such as *In re Asbestos Litigation (Colgain)*.[11] Moreover, Plaintiff contends that the Court misapprehended the facts by mischaracterizing her claims: she continues to characterize Herty's alleged negligence as affirmative acts (i.e., misfeasance), rather than failures to act (i.e., nonfeasance). Without exception, all of Plaintiff's arguments in her Motion were considered in this Court's ruling on summary judgment.

5.      First, Plaintiff rehashes the same argument regarding duty of care. Plaintiff has consistently argued that a general duty of care should apply to the facts of this case.[12] This duty of care would extend to Plaintiff, the employee's spouse, as a "foreseeable plaintiff" of Herty's alleged negligence. Plaintiff

---

[11] *In re Asbestos Litig.*, 799 A.2d 1151 (Del. 2002) (affirming grant of summary judgment on claims that Finnish asbestos mining company's successor-in-interest negligently failed to warn workers at plant that purchased defendant's asbestos-containing product; record was devoid of "at least a *prima facie* case establishing" defendant had knowledge of hazards of its product between 1938 and 1941). *See also In re Asbestos Litig. (Mergenthaler)*, 542 A.2d 1205 (Del. Super. 1986) (denying motion for summary judgment; holding issue of material fact existed about whether defendant-supplier knew or should have known that employees at worksite would not receive adequate warnings from their employer regarding dangerousness of supplier's asbestos-containing product). *Cf. In re Asbestos Litig. (Walls)*, 2017 WL 1422626 (Del. Supr. Apr. 21, 2017) (TABLE) (affirming trial verdict to defendant on claim that Ford failed to warn about its asbestos-containing automotive products).

[12] *See Ramsey*, 2017 WL 465301, at *3.

4

attempted to distinguish the case *sub judice* to the situations in *Price* and *Riedel*; in both of these cases, Plaintiff argued, the Court's holding was limited to the situation where the *employer* fails to act to protect the employee's spouse—not where the *manufacturer* fails to protect a foreseeable plaintiff of its alleged negligence.[13] Nevertheless, the Court rejected this position, finding *Price* and *Riedel* controlling on duty of care in the take-home asbestos context.[14] Plaintiff disagrees with this conclusion, but she does not supplement her argument or claim that the Court overlooked controlling precedent. The Court will not reconsider its decision on duty of care where the Motion rehashes the same arguments considered in this Court's earlier opinion.

6.    Second, Plaintiff's citation to §§ 388 and 395 of the Restatement and suggestion that the Court misapprehended these sections is unpersuasive.[15] The

---

[13] *See id.* at *3-4.

[14] *Id.*

[15] The Court noted in its earlier decision that Plaintiff provided a cursory citation to § 388 in her original response to the motion for summary judgment. *See id.* at *5. This citation received no attention during oral argument on the motion for summary judgment. *See generally* Hearing Transcript (Dec. 8, 2016) [hereinafter Tr.]. Moreover, at the hearing on the motion for reconsideration, Plaintiff merely cited § 388 without elaborating on how the Court misapprehended the law with respect to this section of the Restatement.

Similarly, § 395 was addressed briefly during oral argument on the motion for summary judgment—by Herty. *See* Tr. at 7:20-9:22. Plaintiff's present motion cites § 395 once, stating: "Plaintiff also cited to [§ 395], which provides a manufacturer must exercise due care in the manufacture of products, which would include warning if the product was dangerous. Defendant conceded that Plaintiff *cited* [§§ 388, 395]." Plaintiff's Rule 59(e) Motion for Reargument and/or Reconsideration at 2 (emphasis added) (footnotes omitted). However, § 395 was never mentioned at oral argument on the motion for reconsideration. As such, the Court places little

5

Court set out in detail § 388 and its general applicability to failure-to-warn asbestos cases in its earlier decision.[16] While noting that § 388 is the traditionally-propounded theory of duty in such cases,[17] the Court distinguished Plaintiff's case from those cases where a manufacturer supplies an asbestos-containing product to a worksite and fails to warn a third-party user of the product's dangerous propensities.[18] Instead, the Court held that *Price* and *Riedel* augment this analysis in the context of take-home asbestos cases. Thus, where nonfeasance is alleged, the plaintiff must identify a special relationship before liability for nonfeasance may attach.[19] Plaintiff's arguments to the contrary were considered and rejected in this Court's earlier decision.

7.      Finally, Plaintiff reiterates that her failure-to-warn claims should be characterized as misfeasance rather than nonfeasance. This argument was fundamental to Plaintiff's contentions on summary judgment.[20] As such, this Court has already exhaustively considered this argument. Plaintiff's Motion

---

weight on an argument that is merely "cited," incompletely briefed, and not mentioned at oral argument.

[16] *See Ramsey*, 2017 WL 465301, at *4-5.

[17] *See, e.g., In re Asbestos Litig. (Mergenthaler)*, 542 A.2d 1205 (Del. Super. 1986).

[18] *See Ramsey*, 2017 WL 465301, at *7.

[19] *See id.* The lack of a special relationship was conceded in the original motion and at the hearing for the present motion for reconsideration.

[20] *See id.* at *3, 7-8; Tr. at 13:6-14:18, 15:7-12.

disagrees with that conclusion, but this does not entitle her to reconsideration of that decision, particularly in the absence of any new or supplemental authority on this issue.

For the foregoing reasons, Plaintiff's Rule 59(e) Motion for Reargument and/or Reconsideration of this Court's February 2, 2017 Order granting Defendant Herty's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

_____
Judge Vivian L. Medinilla

cc:    Original – Prothonotary
       All Counsel via File&Serve

7